UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MEDLINE DIAMED, LLC           ) | CASE NO.  5:10CV02906 |
| ) | |
| PLAINTIFF,       ) | JUDGE SARA LIOI |
| ) | |
| vs.                                                      ) | |
| ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| ) | |
| LINDA LIBASSI, *et al.*,            ) | |
| ) | |
| ) | |
| DEFENDANTS.    ) | |

Before this Court is plaintiff's motion to remand. (Doc. No. 4.) For the reasons that follow, the motion is **DENIED**.

### I. PROCEDURAL BACKGROUND

On December 20, 2010, plaintiff Medline Diamed, LLC ("Medline Diamed") filed a lawsuit in the Stark County Court of Common Pleas ("the state court") alleging that defendants Linda Libassi, Laura Cronin, Melissa Haithcock, Jerrold Fried, Michael Fried, Howard Fried, and Community Surgical Supply of Toms River, Inc. ("CSS") misappropriated trade secrets, breached their fiduciary duty, engaged in unfair competition, committed tortuous inference, conspired, and spoiled evidence, in violation of Ohio law. (*See* Doc. No. 1-1, "Compl.") The same day it filed the Complaint, Medline Diamed moved for an *ex parte* emergency temporary restraining order and preliminary injunction. (Doc. No. 1-2.) The state court issued a Temporary Restraining Order on

December 20, 2010, and set a preliminary injunction hearing for January 3, 2011. (Doc. No. 1-3.)

On December 23, 2010, the defendants removed this case to this Court. (Doc. No. 1.) On December 27, 2010, Medline Diamed moved this Court to remand the action back to the state court (Doc. No. 4), which motion defendants opposed (Doc. No. 8). Plaintiff submitted its reply in support of its motion on December 28, 2010. (Doc. No. 9.) This matter is ripe for determination.

## II. LAW AND ANALYSIS

A defendant may remove to federal court only state court actions that originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a court of limited jurisdiction, a federal district court must proceed cautiously in determining whether it has subject matter jurisdiction. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). The court must give "due regard" to the power reserved to the states under the Constitution to provide for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Accordingly, removal statutes must be construed strictly to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The defendant seeking removal bears the burden of proving the court's jurisdiction. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "Jurisdiction is determined at the time of removal, and subsequent events

'whether beyond plaintiff's control or the result of his volition do not oust the district court's jurisdiction once it has attached.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

The basis for federal jurisdiction in this matter is diversity. The federal diversity statute provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 [ ... ] between [ ... ] citizens of different states [ ... ]." 28 U.S.C. § 1332. When an action is removed on diversity, the court must determine whether complete diversity existed at the time of removal. "'[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side.'" *Coyne*, 183 F.3d at 492 (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir.1989)).

Neither party here disputes that the matter in controversy exceeds $75,000. Plaintiff contends, however, that there is not complete diversity because one defendant shares Ohio citizenship with plaintiff. Specifically, plaintiff contends that defendant Michael Fried is a "natural Ohio resident." (*See* Doc. No. 4-1 at 6-7.)

"For diversity purposes, a person is a citizen of the state where he or she is domiciled and may have only one domicile at any given time." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Domicile "is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1988). Because both a physical presence and an intent to remain are required, domicile is not

3

synonymous with residence. *Id.* The intent requirement for domicile has been described by the Supreme Court as "the absence of any intention to live elsewhere." *Williamson v. Osenton*, 232 U.S. 619, 624 (1914). "Residence, in contrast, requires both physical presence and an intention to remain some indefinite period of time, but not necessarily permanently." *Eastman University of Michigan*, 30 F.3d 670, 673 (6th Cir. 1994) (citing *Black's Law Dictionary* 484 (6th ed. 1990)); *see also Fuller v. Hofferbert*, 204 F.2d 592, 597 (6th Cir. 1953) ("'Domicile,' however, means living in a locality with intent to make it a fixed and permanent home, while 'residence' simply requires a bodily presence as in inhabitant in a given place.") Thus, a person may reside in one state and be domiciled in another. *Holyfield*, 490 U.S. at 48.

In determining domicile, a court may consider a variety of factors "including the place of voter and driver's license registration, the residence claimed for tax purposes, the location of real and personal property, and the location of professional and personal attachments." *Doe v. Ross*, No. 94-6572, 1995 WL 329042, at *2 (E.D. Pa. 1995) (citing *Korn v. Korn*, 398 F.2d 689, 691 (3d Cir.1968)); *see also* 13B Wright & Miller, Fed. Practice & Procedure § 3612 (2d ed. 1984) (listing factors: "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions; fraternal organizations, churches, clubs and other associations; place of employment or business; drivers license and other automobile registration; payment of taxes"). "One's testimony with regard to his intention is of course to be given full and fair consideration, but is subject to the infirmity of any self-serving declaration, and may frequently lack persuasiveness or even be

4

Case: 5:10-cv-02906-SL Doc #: 11 Filed: 12/29/10 5 of 6. PageID #: 244

contradicted or negatived by other declarations and inconsistent acts." *District of Columbia v. Murphy*, 314 U.S. 441, 456 (1941).

Defendants submit the Declaration of Michael Fried, in which he declares that he has lived in New Jersey for over twenty years; he is registered to vote in New Jersey; he has a New Jersey driver's license; his car is registered in New Jersey; his personal bank account is in New Jersey; and he pays state income taxes in New Jersey. (*See* Doc. No. 8-1.) Additionally, Mr. Fried declares that he owns no personal property in Ohio, pays no state income tax in Ohio, holds no personal bank account in Ohio, and has never lived or maintained a residency in Ohio. (*Id*.)

In support of its assertion that Michael Fried is a "natural Ohio resident," Medline Diamed submits Ohio Secretary of State records listing Michael Fried as a statutory agent for CSS and the Fried Group, L.P., at the address 7029 Huntley Road, Suite H, Columbus, Ohio 43229. (*See* Doc. Nos. 4-2, 4-3.) Plaintiff further argues that under R.C. § 1703.041(A) and R.C. § 1782.04(A), Mr. Fried must be a resident of Ohio to act as statutory agent. At best, then, plaintiff has submitted evidence to demonstrate that Mr. Fried has represented to the State of Ohio that he resides in Ohio.[1] Nothing in plaintiff's submissions, however, addresses the issue of whether Mr. Fried is domiciled in Ohio. Accordingly, the evidence submitted by plaintiff does not negate that presented by defendants which clearly demonstrates that Mr. Fried is domiciled in New Jersey. *See Murphy*, 314 U.S. at 456.

---

[1] In reviewing the forms attached to plaintiff's motion to remand from the Ohio Secretary of State's office, the Court notes that each time Michael Fried was required to list his "business or residence address," he listed a New Jersey address. (Doc. No. 4-3 at 2, 3.) Indeed, it appears that Michael Fried identified "2547 River Road, Manasquan, NJ 08736" as his personal residency in August 2008. (*Id*. at 2.)

This Court holds that the Declaration of Michael Fried sets forth sufficient evidence demonstrating that Mr. Fried is domiciled in New Jersey, not Ohio. Accordingly, defendants have met their burden to prove that this Court has jurisdiction, and remand on the basis of lack of complete diversity is unwarranted.

### IV. CONCLUSION

For all the reasons set forth above, the Court concludes that diversity of citizenship exists and plaintiff's motion to remand (Doc. No. 4) should be and is hereby **DENIED**.

**IT IS SO ORDERED**.

**Dated:** December 29, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**